## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

### OFFENSE CHARGED

18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(A)(i)(I) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Ten years of imprisonment, three years of supervised release, $250,000 fine, $100 special assessment, forfeiture.

### DEFENDANT - U.S

VAMSIKRISHNA R. NAGANATHANAHALLI
a/k/a Vamsi Reddy   ⊞

DISTRICT COURT NUMBER

CR 23 0144 YGR

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   Ismail J. Ramsey

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Michelle J. Kane

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▸ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**F I L E D**

**IS IN CUSTODY**

**MAY 11 2023**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____
Month/Day/Year

DATE OF ARREST _____
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▸ _____
Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

Comments:

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: OAKLAND

**FILED**

MAY 11 2023 BJR

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### UNITED STATES OF AMERICA,

### V.

### VAMSIKRISHNA R. NAGANATHANAHALLI

a/k/a Vamsi Reddy,



CR 23 0144 YGR

### DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(A)(i)(l) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer;

18 U.S.C. §§ 982(a)(2)(B) and 1030(i) and (j) – Forfeiture Allegation

---

A true bill.

/s/

/s/ *Foreperson of the Grand Jury*

Foreman

Filed in open court this ___11___ day of

May, 2023 _____.

Clerk

Bail, $ Arrest Warrant

5/11/23

HON. KANDIS A. WESTMORE, U.S. Magistrate Judge

1 | ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

2

3

4

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | OAKLAND DIVISION



11 | UNITED STATES OF AMERICA,                    ) CASE NO. CR 23 0144
                                                )
12 |       Plaintiff,                            ) VIOLATIONS:
                                                ) 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(A)(i)(I) –
13 |       v.                                    ) Transmission of a Program, Information, Code, and
                                                ) Command to Cause Damage to a Protected
14 | VAMSIKRISHNA R. NAGANATHANAHALLI            ) Computer;
                                                ) 18 U.S.C. §§ 982(a)(2)(B) and 1030(i) and (j) –
15 |       a/k/a Vamsi Reddy,                    ) Forfeiture Allegation
                                                )
16 |       Defendant.                            ) OAKLAND VENUE
                                                )
17 | _____        ) UNDER SEAL

18

19 |                         I N D I C T M E N T

20 | The Grand Jury charges:

21 |                        Introductory Allegations

22 | At all times relevant to this Indictment:

23 |       1.      Defendant, VAMSIKRISHNA R. NAGANATHANAHALLI, was an individual residing

24 | in Fremont, California.

25 |       2.      Vituity was the name for a group of related companies based in Emeryville, California.

26 | Its corporate structure included physician partnerships and other subsidiary entities. Vituity's physician

27 | partners and other healthcare professional employees worked as contractors in hospital emergency

28 | rooms, outpatient clinics, telehealth providers, and other clinical settings. Vituity employed non-clinical

INDICTMENT

healthcare personnel such as medical scribes, receptionists, and technicians, who worked with healthcare providers in various facilities. Vituity's non-clinical personnel included corporate employees responsible for functions such as human resources and information technology. Vituity had approximately 7,000 employees.

3.     NAGANATHANAHALLI was employed by a Vituity entity from approximately October 29, 2018, through approximately June 17, 2022. NAGANATHANAHALLI worked for Vituity from his home in the Northern District of California.

4.     Vituity used the Oracle Human Capital Management ("HCM") platform as the heart of its business. The HCM contained core data for every Vituity employee. HCM's data was integrated with other computer systems responsible for functions such as hiring, performance reviews, and payroll.

5.     HCM consisted of a large database that contained records for current and past Vituity employees, including social security numbers, salaries, and addresses.

6.     HCM had a data loader function to allow the uploading of employee data in compressed ".zip" files.

7.     HCM had a "production" environment that contained the real employee and contractor data. HCM also had a "development" environment used for testing that contained "masked" data. Masked data consisted of real data with sensitive information replaced with generic information. For example, a set of masked data might show the home address for every employee as "123 Main Street."

8.     Vituity employees used Active Directory ("AD") credentials in conjunction with multi-factor authentication ("MFA") to authenticate and access Vituity computer systems, including HCM, using a Single Sign On ("SSO") process tied to an individual account. Each Vituity employee also had a local password for their HCM account which they could use to log in to HCM directly, without going through the SSO process. Most employees did not use the direct log in page for HCM and were not aware of the process.

9.     Every Vituity employee could access their own data by logging into an individual HCM account through the SSO process. Managers could also access certain data through their HCM accounts for employees who reported to them.

10.     Vituity also maintained an HCM service account to which several HCM administrators

1   had access through a shared password. The service account was "privileged," meaning it was able to

2   perform certain administrative functions, including changing the local HCM password for other users.

3   The primary use of the HCM service account was to perform data integrations between HCM and other

4   Vituity computer systems.

5          11.     NAGANATHANAHALLI worked for Vituity as a Senior HCM Architect.

6   NAGANATHANAHALLI was one of the Vituity employees who was given the password to log in to

7   the HCM service account.

8          12.     M.L. was a Vituity employee who worked as a Senior HRIS Administrator for HCM.

9   M.L.'s HCM account was privileged, with the ability to perform administrator functions. Those

10  functions included changing the local HCM password for other accounts.

11         13.     M.Z. was a Vituity contractor who worked as an Applications Engineer on a different

12  Vituity platform that integrated with HCM. M.Z.'s HCM account was able to use the HCM data loader

13  function.

14         14.     On or about May 27, 2022, NAGANATHANAHALLI's manager and a Vituity human

15  resources employee informed him that his position at Vituity would be eliminated and that he would be

16  terminated with approximately three weeks' notice. NAGANATHANAHALLI's last day of

17  employment at Vituity was approximately June 17, 2022. His access to his Vituity computer accounts

18  was revoked on approximately June 21, 2022.

19  COUNT ONE:          (18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(A)(i)(I) – Transmission of a Program,
                        Information, Code, and Command to Cause Damage to a Protected Computer)
20

21         Paragraphs 1 through 14 of this Indictment are re-alleged and incorporated as if fully set forth

22  here.

23         15.     On or about May 28, 2022, in the Northern District of California, the defendant,

24                        VAMSIKRISHNA R. NAGANATHANAHALLI,

25  knowingly caused the transmission of a program, information, code, and command, and, as a result of

26  such conduct, intentionally caused damage without authorization to a protected computer, to wit, the

27  defendant, using the HCM service account, caused the transmission of a command that changed the

28  HCM password for M.L. to the Vituity Oracle HCM, a computer used in interstate and foreign

INDICTMENT                              3

commerce and communication, and, by such conduct, caused loss to one or more persons during a one-year period aggregating at least $5,000 in value.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(A)(i)(I).

COUNT TWO:      (18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(A)(i)(I) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer)

Paragraphs 1 through 15 of this Indictment are re-alleged and incorporated as if fully set forth here.

16.     On or about September 6, 2022, in the Northern District of California, the defendant,

VAMSIKRISHNA R. NAGANATHANAHALLI,

knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, to wit, the defendant, using the M.L. HCM account, caused the transmission of a command that changed the HCM password for M.Z. to the Vituity Oracle HCM, a computer used in interstate and foreign commerce and communication, and, by such conduct, caused loss to one or more persons during a one-year period aggregating at least $5,000 in value.

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(A)(i)(I).

COUNT THREE:    (18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(A)(i)(I) – Transmission of a Program, Information, Code, and Command to Cause Damage to a Protected Computer)

Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated as if fully set forth here.

17.     On or about September 6, 2022, in the Northern District of California, the defendant,

VAMSIKRISHNA R. NAGANATHANAHALLI,

knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, to wit, the defendant, using the M.Z. account and the HCM data loader function, caused the transmission of .zip files containing masked data, which replaced real data in the production environment, to the Vituity Oracle HCM, a computer used in interstate and foreign commerce and communication, and, by such conduct, caused loss to one or more persons during a one-year period aggregating at least $5,000 in

INDICTMENT                    4

1 | value.

2 |       All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(A)(i)(I).

3 | FORFEITURE ALLEGATION:     (18 U.S.C. §§ 982(a)(2)(B) and 1030(i) and (j))

4 |      18.    The allegations contained in this Indictment are re-alleged and incorporated by reference

5 | for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and

6 | 1030(i) and (j).

7 |      19.    Upon conviction for the offense set forth in Count One in violation of Title 18, United

8 | States Code, Section 1030(a), set forth in this Indictment, the defendant,

9 |                  VAMSIKRISHNA R. NAGANATHANAHALLI,

10 | shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(b) and

11 | 1030(i) and (j), any personal property used or intended to be used to commit or to facilitate the

12 | commission of said violation or a conspiracy to violate said provision, and any property, real or

13 | personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not

14 | limited to, a sum of money equal to the total amount of proceeds defendant obtained or derived, directly

15 | or indirectly, from the violation, or the value of the property used to commit or to facilitate the

16 | commission of said violation.

17 |      19.    If any of the property described above, as a result of any act or omission of the defendant:

18 |         a.    cannot be located upon exercise of due diligence;

19 |         b.    has been transferred or sold to, or deposited with, a third party;

20 |         c.    has been placed beyond the jurisdiction of the court;

21 |         d.    has been substantially diminished in value; or

22 |         e.    has been commingled with other property which cannot be divided without

23 |             difficulty,

24 | the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

25 | United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1030(i)(2).

26 | //

27 | //

28 | //

INDICTMENT               5

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030, and Federal Rule of Criminal Procedure 32.2.

DATED:                                          A TRUE BILL.

                                                /s/ Foreperson of the Grand Jury
                                                _____
                                                FOREPERSON

ISMAIL J. RAMSEY
United States Attorney

/s/ Michelle J. Kane
_____
MICHELLE J. KANE
Assistant United States Attorney

INDICTMENT                                      6